Leroy **WALKER** and Lynn **Walker, Plaintiffs,**

v.

**BI–STATE DEVELOPMENT AGENCY OF the MISSOURI–ILLINOIS METROPOLITAN DISTRICT, and O.R. Colan Associates, Inc., Defendants.**

No. 91–0346C(6).

United States District Court, E.D. Missouri, E.D.

May 8, 1991.

Robert Denlow, Paul G. Henry, Clayton, Mo., for plaintiffs.

Jeffrey J. Lowe, Alan D. Pratzel, Lashly & Bear, P.C., St. Louis, Mo., for Bi–State Development Agency of Missouri–Illinois Metropolitan Dist.

Susan Nell Rowe, The Stolar Partnership, St. Louis, Mo., for O.R. Colan.

MEMORANDUM

GUNN, District Judge.

This matter is before the Court on the motion of defendant Bi–State to dismiss. Plaintiffs oppose the motion.

Plaintiffs filed this action against defendants in state court, alleging a violation of 42 U.S.C. § 1983 (Count I) and also a breach of contract claim (Count II). Count III asserts a claim for injunctive relief. Defendants then removed the action to this Court, pursuant to 28 U.S.C. § 1441(b).

In support of its motion to dismiss, Bi–State claims that it is not a person subject to liability under 42 U.S.C. § 1983. Specifically, Bi–State states that it was created by an interstate compact between the states of Missouri and Illinois, and, therefore, it should be considered an arm of the state. Bi–State argues that as states are not considered persons subject to § 1983 liability it also should not be subject to such liability. In support, Bi–State notes that it is assigned by the legislature to the Missouri Department of Transportation and can sue and be sued in contract only. The governors of the two states appoint the Bi–State commissioners, maintain the power to veto actions of Bi–State and also maintain the

approval power over Bi–State's development plans.

In response, plaintiffs prefer to characterize Bi–State as akin to a municipal body and, therefore, subject to suit under § 1983. Plaintiffs point to the local transportation functions of Bi–State, its manner of self-funding and the minimal control exercised over it by state officials. Plaintiffs also note that the commissioners are required to reside in the St. Louis metropolitan area and that a Missouri statute provides that property owned by Bi–State is to be taxed the same as that held by cities.

In *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989), the United States Supreme Court held that states are not persons subject to liability under § 1983 by virtue of the protection of the eleventh amendment. In determining whether an entity is a branch of a state so as to enjoy similar immunity, the courts have developed a balancing test consisting of six factors, which are:

(1) How is the agency characterized by the language of the creating statutes? (2) From what governmental entity does the agency derive its funding? (3) Is the state financially responsible for the liabilities and obligations incurred by the agency? (4) Are the officers or members of the agency appointed by the state, or by county or municipal governments? (5) Is the function performed by the agency traditionally state or municipal? and (6) Are the actions of the agency subject to the state government's veto?

*Port Auth. Police Benevolent Ass'n, Inc. v. Port Auth. of New York & New Jersey*, 819 F.2d 413, 414 (3d Cir.), *cert. denied* 484 U.S. 953, 108 S.Ct. 344, 98 L.Ed.2d 370 (1987).

In considering these factors as they apply to this particular case, the Court finds: first, the creating statutes are ambiguous in determining how to characterize Bi–State. However, in *Ladue Local Lines, Inc. v. Bi–State Dev. Agency*, 433 F.2d 131 (8th Cir.1970), Bi–State was referred to as a joint or common agency of the states of Missouri and Illinois and not subject to the Sherman Anti–Trust Act as a "person" within the meaning of that statute. In addition, the legislature has assigned the agency to the Missouri Department of Transportation. *See Mo.Rev.Stat.* § 226.007(2).

An analysis of the second and third factors, the method of the agency's funding and whether the state is financially responsible for liabilities incurred, also gives mixed signals in characterizing Bi–State. On the one hand, the agency is self-funding but is authorized to receive appropriations from municipalities, counties, states, or the federal government. *See Mo.Rev.Stat.* § 70.370, art. III(5). Yet, defendant Bi–State argues that despite its self-funding nature, if it were unable to meet operating expenses due to a judgment rendered against it, the states of Missouri and Illinois would more than likely assist it financially. Plaintiffs discount this speculation.

The fourth factor, whether the officers are state-appointed, definitely points to a state characterization. The ten commissioners, five from each state, are appointed by each of the states in the manner and for the terms fixed by the respective legislatures. *See Mo.Rev.Stat.* § 70.370, art. IV.

The fifth factor is in regard to whether the powers assigned to the agency are those which are traditionally left to the states. Defendant syllogizes that since Bi–State is within the Missouri Department of Transportation, and as transportation is a function traditionally performed by state governments, that it should be considered as performing a state function. Plaintiffs, however, counter that Bi–State's functions are limited to developing purely local transportation.

The sixth factor pertains to the amount of control retained by the state over the functions of Bi–State. This clearly points to a state characterization of Bi–State, as development plans must be approved by both legislatures with the governor possessing the power to veto any of its actions. *See Mo.Rev.Stat.* § 70.370, arts. III, V. Additionally, Bi–State is required to present an annual report to the governor of

each state, setting forth its operations and transactions. *Mo.Rev.Stat.* § 70.370, art. III.

After reviewing the factors as they apply to this particular agency, the Court finds that Bi–State should be characterized as a branch of the state, rather than as a local or municipal agency. In making this determination, the Court finds significant the amount of control which the state wields over the composition of the commission and the plans developed by it. As an adjunct of the state, Bi–State is immune from liability pursuant to 42 U.S.C. § 1983.

An appropriate order shall accompany this memorandum.

### ORDER

In accordance with the memorandum filed this date and incorporated herein,

IT IS HEREBY ORDERED that the motion to dismiss of defendant Bi–State Development Agency of the Missouri–Illinois Metropolitan District is granted.

IT IS FURTHER ORDERED that the plaintiffs' complaint against defendant Bi–State is dismissed with prejudice.